BALTIMORE & O. R. CO. *v.* HAMILTON.

*(Circuit Court W. D. Virginia.* April 4, 1883.)

1. PRACTICE—MOTION TO QUASH AT RULES.
   When the case is at rules, the defendant, in his individual capacity, may make a motion to quash for matters patent in the suit.

2. SAME—WRIT OF REPLEVIN—UNITED STATES CIRCUIT COURT.
   As the laws of Virginia do not admit the action of replevin, the writ of replevin cannot issue from this court.

3. SAME—PROPERTY IN CUSTODIA LEGIS—PROPERTY SEIZED BY TAX COLLECTOR.
 Property seized by a collector of taxes for the tax assessed on it is *in custodia legis*, as if taken under execution, and at common law replevin would not lie to take possession thereof.

At Law: Motion to quash writ of replevin.

*F. S. Blair*, Atty. Gen., and *W. S. Lurty*, for the State.

*Bumgardner, Compton, Pendleton & Bond*, for plaintiff.

HUGHES, J. This is an action brought by the Baltimore & Ohio Railroad Company, a corporation under the laws of Maryland, to recover the possession of certain cars and rolling stock claimed by it as the property of that corporation, which it is alleged is now in the possession of Hamilton, the defendant. The writ is a writ of replevin, issued by the clerk of the circuit court of the United States for the western district of Virginia, at Harrisonburg, upon the filing of a bond to pay all damages in the usual way in replevin. A motion has been filed by John E. Hamilton, treasurer of Augusta county, in that district, to quash the writ upon its return to rules, which was upon the third of April, upon the ground that replevin does not lie in this state against a tax collector, as he was, nor indeed is it a mode of practice and proceeding in Virginia at all. Had this been filed in the individual capacity of the defendant we should have had less difficulty about it. There is nothing in the writ or proceedings to show that the defendant was sued as collector, and nothing to show that the property was taken for taxes. If that was a defense to the action the defendant must plead it, but could not assert it in a motion to quash, which must be granted for such causes only as are patent upon the face of the writ; and the motion to quash or the plea filed should have been in the name of defendant and not in his official capacity. But the case being at rules, the defendant has the right to make the motion to quash in his individual capacity for ma . ers patent in the suit, and at this hearing he has so done. He alleges that the suit ought to be quashed because the laws of the state of Virginia do not admit the action of replevin.

In looking at this fact it appears that as early as 1823 Virginia abolished this old common-law form of action for all purposes except cases of distress for rent, and in 1849 abolished it altogether, and for all purposes. There is no vestige of a case in replevin on the docket of this court, nor is there at Richmond, so far as inquiry can determine. The law of the United States requires (section 914, Rev. St.) that the courts of the United States shall conform their forms and modes of proceeding to such as in like cases are the forms and modes

of proceeding in the courts of record in the state where the United States court is sitting.

Now, on a like case, that is, in a case where a person is complained of for taking possession of and holding the chattels of another wrongfully, the courts of Virginia are not permitted to give the writ of replevin to a plaintiff to remedy his wrong; and as we must follow their form and mode of proceeding in such a case, we are not at liberty to issue that writ, but must follow the state's form and mode, whatever they may be.

In *Nudd* v. *Burrows*, 91 U. S. 426, Mr. Justice SWAYNE declares the purpose of the act to be to bring about uniformity in the law of procedure in the federal and state courts of the same locality. While in the federal courts the common-law pleadings, forms, and practice were adhered to, in the state courts of the same district the simpler forms of the local code prevailed. The evil was a serious one. It was the aim of this provision to remove it. This was done by bringing about the conformity in the courts of the United States which it prescribes. This is stated with great clearness, and the bar ought not to be ungrateful to the genial justice who remembered his brethren in construing this statute in that important case, for he says one of the happy effects of the section is that it saves them from the necessity of studying two distinct systems of remedial law, and of practicing according to the wholly dissimilar requirement of both. In this, we think, the kindness of the judge to his over-worked brethren led him aside. For the statute comes only to the relief of the lawyer, who never leaves the courts, federal and domestic, of his own state. He that practices in the federal courts generally must study the different remedial laws of nearly 40 states and territories. But had we the right to issue the writ of replevin in Virginia, we are of opinion it would have served the plaintiff to little purpose. We are not called upon to decide the point; but at common law it was never held that replevin would lie to take possession of property *in custodia legis*. Property seized by a collector of taxes for the tax assessed on it is *in custodia legis*, as if taken upon execution.

The motion to quash is granted.

See *Ex parte Baltimore & O. R. Co.* 2 Sup. Ct. Rep. 876.